UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> WELCH, et al., <br><br> Defendants. | Case No. 1:21-cv-00009-EPG (PC) <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO EXCUSE E-FILING <br><br> (ECF NO. 4) <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL <br><br> (ECF No. 1) <br><br> OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS <br><br> ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.   BACKGROUND**

Curtis Lee Henderson, Sr. ("Plaintiff"), is a state prisoner proceeding *pro se* with this civil rights action. Plaintiff filed the complaint commencing this action on January 4, 2021. (ECF No. 2). On that same day Plaintiff filed an application to proceed in forma pauperis. (ECF No. 1).[1]

As the Court finds that Plaintiff had at least three "strikes" prior to filing the action and

---

[1] Plaintiff also filed a motion to excuse e-filing because the law library has not been open for legal filing due to COVID-19. (ECF No. 4). The Court finds good cause to grant Plaintiff's motion. Accordingly, Plaintiff will be excused from complying with the standing order regarding procedural rules for electronic submission of prisoner litigation filed by plaintiffs incarcerated at participating penal institutions.

1

that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff's application to proceed in forma pauperis be denied and that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

## II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it….  This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive."  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted).  See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

## III.    PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

   a. Strikes

Plaintiff initiated this action on January 4, 2021.  (ECF No. 2).  The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of Henderson v. State of California Department of Corrections and Rehabilitation ("Henderson 1"), E.D. CA, Case No. 1:09-cv-01402, ECF No. 10, in which Magistrate Judge Sandra M. Snyder found that Plaintiff had at least three "strikes" prior to filing the action.  The action was filed on July 30, 2009.  Henderson 1, ECF No. 1.

The Court also takes judicial notice of: 1) Henderson v. Hamren, E.D. CA, Case No. 1:99-cv-05957, ECF Nos. 41 & 43 (dismissed for failure to state a claim); 2) Henderson v.

United States of America, E.D. CA, Case No. 2:08-cv-02383, ECF Nos. 10 & 11 (dismissed for failure to state a claim); 3) Henderson v. Holz, N.D. CA, Case No. 4:07-cv-00909, ECF No. 19 (dismissed for failure to state a claim); and 4) Henderson v. Small, E.D. CA, Case No. 1:98-cv-05138, ECF No. 6 (dismissed as frivolous)[2].

Based on Henderson 1, as well as the actions listed above, the Court finds that Plaintiff had at least three "strikes" prior to filing this action.[3]

      b. Imminent Danger

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). See also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

---

[2] The docket entry states that this case was "DISMISSED AS FRIVOLOUS." Small, ECF No. 6. Additionally, Judge Snyder determined that Small counts as a "strike." Henderson 1, ECF No. 10, p. 2 n.1.

[3] It appears that Henderson v. Holz, 9th Cir., Case No. 09-17130, also counts as a "strike." Under Ninth Circuit case law, it appears that an appeal counts as a strike where an application to proceed in forma pauperis is denied as frivolous by an appellate court and the appeal is later dismissed. See, e.g., Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). And here, Plaintiff's application to proceed in forma pauperis was denied because the appeal was frivolous, and Plaintiff subsequently voluntarily dismissed the appeal. Holz, ECF Nos. 7, 8, & 9. Thus, it appears that this appeal counts as a "strike." However, as the Court has already determined that Plaintiff had at least three "strikes" prior to filing this action, the Court need not decide the issue.

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

Nothing in Plaintiff's complaint suggests that he was in imminent danger of serious physical injury at the time he filed his complaint.

Plaintiff's complaint revolves around allegations that numerous officers have retaliated against him for filing a civil complaint and request for a temporary restraining order. The retaliation has taken the form of cell searches, intermittent withholding of food (including his liquid nutritional supplement), verbal harassment, Plaintiff being issued a Rules Violation Report, and denial of adequate shower time. Additionally, on November 8, 2020, Plaintiff was moved into a COVID-19 infected building, and Plaintiff was infected with COVID-19. Moreover, on or around November 8, 2020, Plaintiff was forced to stand up for count, even though he has a disability. Finally, on one occasion Plaintiff was denied an Americans with Disabilities Act assistant.

While some of Plaintiff's allegations are serious, the question is not whether Plaintiff's rights were violated, but whether Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint. And here, the Court finds that Plaintiff has not sufficiently alleged that he was.

To begin, there are no allegations in Plaintiff's complaint that sufficiently suggest that any defendant intentionally exposed Plaintiff to COVID-19. Additionally, the allegation

regarding exposure to COVID-19 does not appear to show that Plaintiff was in imminent danger at the time he filed his complaint because he was already infected with COVID-19. And, Plaintiff does not allege that he was deprived of needed medical care associated with this diagnosis.

Next, the Court turns to whether Plaintiff provided "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. Plaintiff may have sufficiently alleged that there was a pattern of misconduct evidencing a likelihood that the intermittent denial of food, the denial of adequate shower time, and the verbal harassment will continue. However, even if he did, there is no indication that any of these conditions caused Plaintiff to be in imminent danger of serious physical injury at the time he filed his complaint.

As to Plaintiff's allegations regarding verbal harassment, there is no indication that this non-physical harassment caused Plaintiff to be in imminent danger of serious physical injury.

As to Plaintiff's allegations regarding denial of adequate shower time, there are no allegations suggesting that the denial of adequate shower time caused Plaintiff to be in imminent danger of serious physical injury.[4]

As to Plaintiff's allegations of intermittent withholding of food, the prolonged denial of food could cause a prisoner to be in imminent danger of serious physical injury. However, Plaintiff has alleged that he received numerous meals,[5] and there are no allegations suggesting that this intermittent denial caused Plaintiff to be in imminent danger of serious physical injury. Additionally, there are no allegations suggesting that the denial of his liquid nutritional supplement caused him to be in imminent danger of serious physical injury.

As Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff's application to proceed in forma pauperis be denied and that Plaintiff be directed to pay the $402.00 filing fee in full if he

---

[4] Plaintiff does not appear to allege that, at the time he filed the complaint, he was not being allowed to shower. Instead, he appears to take issue with the fact that he had less than five minutes to shower. (ECF No. 2, pgs. 7 & 8).

[5] Plaintiff is not specific, but it appears that Plaintiff received far more meals than he was denied.

wants to proceed with this action.

## IV. CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis (ECF No. 1) be DENIED; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that:

1. Plaintiff is excused from complying with the standing order regarding procedural rules for electronic submission of prisoner litigation filed by plaintiffs incarcerated at participating penal institutions; and
2. The Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **January 12, 2021**      /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE